# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

STATE OF CALIFORNIA, et al.,

*Plaintiffs,*

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

*Defendants.*

Case No. 1:26-cv-11581-IT

## [PROPOSED] ORDER GRANTING PLAINTIFF STATES' MOTION FOR SUMMARY JUDGMENT, DECLARATORY RELIEF, AND PERMANENT INJUNCTION

This matter comes before the Court on the Plaintiff States'[1] motion for summary judgment. Having reviewed Plaintiff States' motion and the memorandum of law, declarations, and evidence in support of the motion, and any papers filed in opposition to the motion, and the hearing on the merits, and in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1, the Court finds that there is no genuine dispute as to any material fact, that Plaintiff States are entitled to judgment as a matter of law on their claims in Counts 1–3 of the First Amended Complaint, Doc. No. 65, and that Section 2, Section 3, and Section 5 of Executive Order No. 14399 ("EO") are unlawful and unconstitutional. The Court additionally finds that Plaintiff States

---

[1] "Plaintiff States" refers collectively to the State of California; Commonwealth of Massachusetts; State of Nevada; State of Washington; State of Arizona; State of Colorado; State of Connecticut; State of Delaware; District of Columbia; State of Illinois; State of Maine; State of Maryland; State of Michigan; State of Minnesota; State of New Jersey; State of New Mexico; State of New York; State of North Carolina; State of Oregon; State of Rhode Island; State of Vermont; Commonwealth of Virginia; State of Wisconsin; and Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania.

will suffer imminent and irreparable harm absent permanent injunctive relief, and that the balance of equities and public interest favor granting permanent injunctive relief.

Accordingly, the Court hereby **GRANTS** Plaintiff States' Motion for Summary Judgment and disposes of Plaintiff States' claims as follows:

It is hereby **ORDERED** and **DECLARED** that Sections 2, 3, and 5 of the EO are legally void as they are ultra vires, unconstitutionally violate the separation of powers, and unconstitutionally commandeer the States' resources.

It is hereby further **ORDERED** and **DECLARED** that issuance or processing of a ballot for an individual who has not been confirmed to be a citizen or a state resident of voting age by the federal government, as contemplated in the provisions of the EO, does not per se—without further evidence—violate the federal criminal statutes enumerated in the EO, including 18 U.S.C. § 241; 18 U.S.C. § 611; 18 U.S.C. § 1015; 52 U.S.C. § 20511; 18 U.S.C. § 2(a); 18 U.S.C. § 371; 18 U.S.C. § 611(a); 18 U.S.C. § 1001; 18 U.S.C. § 1015; and/or 52 U.S.C. § 10307.

In addition, the Court **ORDERS** that Defendants, their officers, agents, servants, and employees, other than the President, are hereby **PERMANENTLY ENJOINED** from implementing or giving effect to Sections 2, 3, and 5 of the EO with respect to Plaintiff States as follows:

(a) Defendants United States Department of Justice, Acting Attorney General Todd Blanche, United States Department of Homeland Security, Secretary Markwayne Mullin, United States Citizenship and Immigration Services, Director Joseph B. Edlow, United States Social Security Administration, Commissioner Frank Bisignano, United States Department of Commerce, and Secretary Howard Lutnick, including their officers, agents, servants, and employees, are permanently enjoined from

implementing, giving effect to, or enforcing Section 2 of the EO as to Plaintiff States, including taking any steps to create a new federal program to superintend and control Plaintiff States' maintenance of their voter rolls; or initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, stemming from the unconstitutional provisions in Section 2 of the EO.  This injunction does not bar the federal government from providing assistance with verifying the citizenship or eligibility of any voter if the assistance is provided at the request of any Plaintiff State.

(b) Defendants United States Department of Justice, Acting Attorney General Todd Blanche, United States Postal Service, Postmaster General David Steiner, Deputy Postmaster General Doug Tolino, Chair Amber McReynolds, Vice Chair Derek T. Kan, and Members Ronald Stroman and Daniel Tangherlini, including their officers, agents, servants, and employees, are permanently enjoined from implementing, giving effect to, or enforcing Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States, including refusing to transmit mail-in or absentee ballots from voters registered in Plaintiff States to elections officials in Plaintiff States, regardless of the voters' location; or otherwise initiating or completing rulemaking to promulgate the specific regulations outlined in Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States.  This injunction does not bar the federal government from providing non-binding USPS guidance on ballot mail envelopes or from providing assistance with verifying citizenship or eligibility of any

voter if the assistance is provided at the request of any Plaintiff State.

(c) Defendants United States Department of Justice and Acting Attorney General Todd Blanche, including their officers, agents, servants, and employees, are permanently enjoined from implementing, giving effect to, or enforcing Section 5 of the EO, or otherwise initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, stemming from the unconstitutional provisions in Section 5 of the EO.

Defendants are hereby **ORDERED** that they must, in good faith, take such steps as are necessary to prevent explicit or implicit implementation of Sections 2, 3, and 5 of the EO, and to cease and reverse any implementation of those provisions, with respect to Plaintiff States.

Further, Defendants are hereby **ORDERED** to:

(a) Within seven calendar days of entry of this Order, provide written notice of this Order to all Defendants and their employees, and to further notify them that Sections 2, 3, and 5 of the EO are unlawful, null, and void as to Plaintiff States;

(b) Notify all recipients that they are required to comply with this Order, under penalty of contempt; and

(c) Provide counsel for Plaintiff States with a copy of the notice and/or communications referred to in (a)–(b) on the docket, within seven (7) days of issuance of such notice and/or communications.

Defendants are hereby **ORDERED** to file a status report with the Court within seven (7) days of entry of this Order describing steps taken to ensure compliance with it.

The Court retains jurisdiction to enforce the injunction and judgment and to award other

4

such relief as may be appropriate.

**SO ORDERED** this _____ day of _____, 2026

By:    _____
Hon. Indira Talwani
United States District Judge