## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 26-cv-11549-IT |
| DONALD J. TRUMP, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| STATE OF CALIFORNIA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 26-cv-11581-IT |
| DONALD J. TRUMP, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OF THE SOCIETY FOR THE RULE OF LAW

The Society for the Rule of Law and Democracy, Inc., doing business as The Society for the Rule of Law ("SRL"), through its undersigned counsel, respectfully requests leave of Court to file the attached *amicus curiae* brief in support of the Plaintiffs' Motions for Preliminary Injunction and Summary Judgment in the coordinated cases. In support of its Motion, SRL states as follows:

1

1.      Proposed *amicus* is a nonprofit, nonpartisan organization dedicated to defending the conservative legal principles of the rule of law, separation of powers, federalism, and government by the people.

2.      SRL has an interest in seeing that EO 14399 does not violate these principles by commanding the United States Postal Service to provide and administer voter lists in violation of several federal statutes.  SRL seeks to protect against violations of separation of powers and of federalism by preventing the federal executive branch from improperly encroaching on congressional and state authority in federal election matters.

3.      Although no specific court rule governs filing an *amicus curiae* brief in federal district courts, this Court has found that *amici* can "assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal citation omitted).  Courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet" the criteria of any relevant rules, "as broadly interpreted." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).  Many of the members of SRL, and of counsel for SRL, previously participated in similar capacities in a prior case addressing the proper roles of federal law, including the Elections Clause, and state law in federal elections.  *See Moore v. Harper*, 600 U.S. 1, 8 n.* (2023).

4.      This *amicus* brief will be desirable for the court because its arguments were not as fully addressed in the complaints of the plaintiffs.

5.      EO 14399 is illegal in many ways.  The attached *amicus* brief focuses on one way in which EO 14399 is illegal.  Section 3(b) of EO 14399 orders the USPS to violate a number of federal statutes by providing and administering voter lists.

6.      Part I of the attached brief shows that the lists of "enrolled" voters that Section 3(b) requires the USPS to provide and administer are voter lists.  Part II shows that in 1894 and 2006, Congress repealed prior limited statutory authority given to federal officials to provide and administer voter lists in specified situations.  Part III shows that contrary to EO 14399, the National Voter Registration Act of 1993 and the Help America Vote Act of 2002 direct that state officials—not any federal agency—shall provide and administer voter lists.  Part IV shows that EO 14399 commands the USPS to violate 39 U.S.C. § 401, which actually precludes the USPS from issuing regulations under which it will provide and administer voter lists.  Among other things, the assertion in EO 14399 that 39 U.S.C. § 401 confers such authority on the USPS contradicts both federalism principles and the major questions doctrine.

7.      The proposed brief thus discusses relevant federal statutory provisions, and their history, that the plaintiffs understandably have not as fully explored in their complaints.

8.      Counsel for proposed *amicus* has conferred with counsel for the parties.  The motion is unopposed.  Plaintiffs and Defendants consent to the filing of the brief.

9.      No party's counsel authored the proposed brief in whole or in part, and no party or its counsel contributed money to fund the preparation or submission of the attached brief.

10.      *Amicus* files this motion and the attached proposed brief on April 23rd, 2026, to eliminate any risk that the brief will delay the resolution of the plaintiffs' motions for preliminary injunction.

11.      A true and correct copy of the proposed brief has been submitted with this motion.

12.     In each of the consolidated cases, SRL is filing this identical motion with the identical attached brief.

## CONCLUSION

For the foregoing reasons, SRL respectfully requests that the Court grant leave to file the accompanying *amicus* brief.

Dated: April 23, 2026                              Respectfully submitted,


/s/ Inga S. Bernstein
Inga S. Bernstein
**Zalkind Duncan + Bernstein**
2 Oliver St #200
Boston, MA 02109
(617) 742-6020
ibernstein@zalkindlaw.com


*Of Counsel:*
Richard D. Bernstein (*pro hac vice* application pending)
1875 K Street NW, Suite 100
Washington, DC 20006
(301) 775-2064

4

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that counsel for the Society for the Rule of Law conferred via email with counsel for the parties.  Counsel for the Plaintiffs and counsel for the Defendants state that they consent to SRL's requested leave to file an *amicus curiae* brief.

/s/ Inga S. Bernstein
Inga S. Bernstein

Date: April 23, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day served on all counsel via the court's electronic service system.

/s/ Inga S. Bernstein
Inga S. Bernstein

Date: April 23, 2026