UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| STATE OF CALIFORNIA, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11581-IT |
| | * | |
| DONALD J. TRUMP, in his official capacity | * | |
| as President of the United States, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER ON MOTION TO INTERVENE

May 1, 2026

TALWANI, D.J.

Applicants State of Alabama, State of Florida, State of Indiana, State of Kansas, State of

Louisiana, State of Missouri, State of Montana, State of Nebraska, State of Oklahoma, State of

South Carolina, State of South Dakota, and State of Texas seek leave to intervene as of right

under Fed. R. Civ. Pro. 24(a), or in the alternative, seek permissive intervention under Fed. R.

Civ. Pro. 24(b). Mot. to Intervene 1–2 [Doc. No. 73].

Defendants oppose intervention as of right, stating that "[t]o the extent that Intervenor

States have an interest in this matter, it will be adequately represented by the United States[.]"

Defs.' Resp. 1 [Doc. No. 109].

An applicant for intervention as of right must show that it "is so situated that disposing of

the action may as a practical matter impair or impede [its] ability to protect its interest, unless

existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). "The requirement of []

Rule [24(a)] is satisfied if the applicant shows that representation of his interest 'may be'

inadequate; and the burden of making that showing should be treated as minimal." Trbovich v.

United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal Practice 24.09—1 (4) (1969)). But "the burden of persuasion is ratcheted upward" when the movant seeks to intervene as a defendant alongside a government entity. Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 561 (1st Cir. 2021) (quoting  Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 207 (1st Cir. 1998)). In that circumstance, the First Circuit "start[s] with a rebuttable presumption that the government will defend adequately its action[.]" Id. (quoting Cotter v. Mass. Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 35 (1st Cir. 2000)). "A successful rebuttal 'requires "a strong affirmative showing" that the agency (or its members) is not fairly representing the applicants' interests.'" Id. (quoting Patch, 136 F.3d at 207) (internal quotations omitted). An applicant's "interest in making additional . . . arguments in defense of government action does not render the government's representation inadequate." Id. at 562 (citing Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n, 197 F.3d 560, 567 (1st Cir. 1999). And "perfect identity of motivational interests between the movant-intervenor and the government" is not necessary to a finding of adequate representation. Id.

Here, Applicants' interests in defending against Plaintiffs' suit align seamlessly with Defendants' interests where the United States "intends to vigorously defend this suit." Defs.' Resp. 1 [Doc. No. 109]. Applicants therefore have not met their burden to intervene as of right alongside Defendants.

Defendants take no position on the request for permissive intervention. Id. Plaintiffs State of California, et al. ("Plaintiff States") object to permissive intervention where Plaintiff States only seek relief as to the Plaintiff States. Pls.' States' Opp. to Mot. to Intervene [Doc. No. 113]. Applicants contend that if relief is granted, the limits asserted by Plaintiff States are not plausible. Reply Br. 4, 8. [[127]]. Applicants have provided the court with no reason to find that

arguments as to any spill-over effect of the relief requested by the Plaintiff States will not be vigorously asserted by the government. Accordingly, the court will deny permissive intervention.

Accordingly, Applicants' <u>Motion to Intervene</u> [Doc. No. 73] is DENIED, but Applicants may participate as *amicus curiae*. Where Applicants have been granted leave to intervene in Civil Action No. 1:26-cv-11581, and where briefing on certain motions has been consolidated with the briefing in that action, <u>see</u> Order [Doc. No. 88], Applicants may cross-file their briefs as intervenors in Civil Action No. 1:26-cv-11549 as briefs of *amicus curiae* in this action.

IT IS SO ORDERED.

May 1, 2026                                    /s/ Indira Talwani
                                               United States District Judge