**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF MASSACHUSETTS, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:26-cv-11549-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:26-cv-11581-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |

**DEFENDANTS' L.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendants respond to *California* Plaintiffs' L.R. 56.1 Statement of Undisputed Material Facts, ECF No. 105, and set forth the following material facts of record as to which Defendants contend that there exists a genuine issue to be tried.

1. Undisputed that the August 18, 2025 post attributed to the President was published as quoted.

2. Undisputed.

3. The Order was designated as Executive Order **14,399**. Otherwise, Undisputed.

4. Disputed. The Executive Order is an intra-Executive Branch directive from the President to his subordinates. *See* Exec. Order 14,399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17,125 (Mar. 31, 2026) ("Executive Order", "Order", or "E.O."), § 2 (directive to Secretary of Homeland Security and Commissioner of Social Security Administration); § 3 (directive to United States Postal Service Postmaster General); § 4 (directive for executive branch officials to coordinate on implementation of the Order); § 5 (directive to Attorney General; statement that "States and localities *should* preserve" certain materials for five years) (emphasis added). Undisputed that the Executive Order directs certain federal agencies or instrumentalities to conduct certain actions, such as issuing a notice of proposed rulemaking.

5. Undisputed that a "Fact Sheet" was published on the White House website, dated March 31, 2026, stating the quoted language.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed that 52 U.S.C. § 20507(c)(2)(A) prevents states from "systematically remov[ing] voters from voter rolls during the 90 days prior to a federal election," and

2

that August 5, 2026, is 90 days before November 3, 2026. Defendants however lack knowledge as to whether Plaintiff states "comply with" the requirements in 52 U.S.C. § 20507(c)(2)(A).

11. This is a legal conclusion regarding the specific requirements of applicable laws in the Plaintiff States and their localities, not a statement of fact, for which no response is needed.

12. This is a legal conclusion regarding the specific requirements of applicable laws in the Plaintiff States, not a statement of fact, for which no response is needed.

13. This is a legal conclusion regarding the specific requirements of applicable laws in the Plaintiff States, not a statement of fact, for which no response is needed.

14. This is a legal conclusion regarding the specific requirement of applicable laws in the Plaintiff States, not a statement of fact, for which no response is needed.

15. Undisputed that E.O. § 2(a) lists "SAVE data" as a potential source of data for the State Citizenship List. Otherwise disputed, as DHS has not made any final decisions about what, if any, information will be included in any State Citizenship Lists that may ultimately be created. *See* Mayhew Decl. ¶¶ 5-10 ("USCIS has not yet made any recommendations or final decisions regarding the 'State Citizenship Lists' discussed in E.O. 14,399.").

16. Undisputed that no system is 100% accurate, and thus undisputed that "[t]he SAVE system has erroneously flagged citizens as non-citizens" on at least two occasions since its creation in the 1980s.

17. Undisputed that no system is 100% accurate, and thus that "SAVE may not be able to confirm U.S. citizenship for an individual" in at least some circumstances. Disputed to the extent it is intended to establish that SAVE is generally unreliable.

18. Undisputed.

19. Undisputed that a significant number of people move between States each year, including eligible voters who move during the 60 days before an election.

3

20. Undisputed that there is no federal voting requirement that voters, in their capacity as voters, regularly report a change of address to the federal government.

21. Undisputed that many people become naturalized citizens each month, including during the 60 days prior to an election.

22. Disputed.  Even assuming that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List (*see* E.O. § 2(a); Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6), the Executive Order does not require states to engage in the process enabling states to supplement or suggest modifications or amendments to the State Citizenship List.  *See* E.O. § 2.  Furthermore, there is no requirement in the E.O. that any state use the State Citizenship List to purge its voter rolls, hence the assertion that there is a risk of voter disenfranchisement is unfounded.  *Id.*

23. Disputed.  Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6. It cannot be determined at this time whether comparing a State Citizenship List to Plaintiff States' voter rolls will be a "technically challenging task."

24. Disputed.  Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use them. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.  It cannot be determined at this time whether comparing a State Citizenship List to Plaintiff States' voter rolls "will require Plaintiff States and their localities to expend financial and administrative resources."

25. Disputed.  Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list, much less

that they will have to take specific steps in response to any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

26. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list, much less that they will have to take specific steps in response to that list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

27. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list, much less that they will have to take specific steps in response to that list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

28. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list and educate voters about any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

29. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list and educate voters about any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

30. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

5

31. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6. It is unlikely and premature to assume that any eligible voter will be deterred from voting based on non-inclusion in a State Citizenship List that does not yet exist and may not be used by the relevant State.

32. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6. Because USPS has yet to issue a notice of proposed rulemaking, let alone a final rule (*see* E.O. § 3; Monteith Decl. ¶¶ 3-5), it is speculative about what, if any, changes may be undertaken by USPS, and it is thus unlikely and premature to assume that USPS employees, election officials, or election workers will fear prosecution, let alone that such fear will lead to disenfranchisement of eligible voters.

33. Undisputed.

34. This is a legal conclusion regarding the specific requirements of applicable laws in the Plaintiff States and their localities, not a statement of fact, for which no response is needed.

35. Undisputed.

36. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and further assumes without basis that states will be required to use any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

37. Disputed. Plaintiffs' statement assumes without basis that it is "feasible" and "consistent with applicable law" to compile and transmit a State Citizenship List and

further assumes without basis that states will be required to use any such list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

38. Undisputed only to the effect that there would likely be litigation costs incurred by a State or election official if a criminal prosecution of a State election official occurs.

39. Disputed. Plaintiffs' statement refers to the hypothetical impact of a hypothetical criminal prosecution. Such an assertion is too speculative to constitute a material fact.

40. This is a legal conclusion regarding the specific requirements of applicable laws in the Plaintiff States and their localities, not a statement of fact, for which no response is needed.

41. Undisputed.

42. Undisputed.

43. Undisputed.

44. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

45. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5. It is unlikely and premature to assume "UOCAVA voters" would be excluded from the State Mail Ballot List.

46. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5. It is unlikely and premature to assume that voters who become eligible to receive mail ballots under state law fewer than 60 days before an election would be excluded from the State Mail Ballot List.

47. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

48. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5. Further disputed to the extent that DHS has not indicated whether it will provide a State Citizenship List, or what the parameters or obligations of any such list would be, or whether and to what extent any such list

will interact with other lists that may be generated as part of any USPS rule. *See* Mayhew Decl. ¶¶ 5-10. Moreover, Plaintiffs' statement assumes without basis that states will be required to use such a list. *See* E.O. § 2; Mayhew Decl. ¶¶ 5-10; MacBride Decl. ¶¶ 5-6.

49. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

50. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5. Further disputed to the extent that DHS has not indicated whether it will provide a State Citizenship List pursuant to Section 2 of the EO, or what the parameters or obligations of any such list would be. *See* Mayhew Decl. ¶¶ 5-10.

51. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

52. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

53. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

54. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

55. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

56. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

57. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

58. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3. *See* Monteith Decl. ¶¶ 3-5.

59. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3.  *See* Monteith Decl. ¶¶ 3-5.

60. Undisputed that some Plaintiff states, either as a whole or as to some of their localities, do not currently use Intelligent Mail barcodes.

61. Undisputed.

62. Undisputed.

63. Undisputed that making design changes to mail ballot envelopes or adding Intelligent Mail barcodes would add costs to Plaintiff States in the abstract.  Disputed to the extent that such changes are required by the Executive Order, as no proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3.  *See* Monteith Decl. ¶¶ 3-5.

64. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3.  *See* Monteith Decl. ¶¶ 3-5.

65. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3.  *See* Monteith Decl. ¶¶ 3-5.

66. Disputed. No proposed rule, let alone a final rule, has been promulgated by USPS with respect to E.O. § 3.  *See* Monteith Decl. ¶¶ 3-5.

67. Disputed.  The relevant portion of E.O. § 5 states: "States and localities *should* preserve, for a 5-year period, all records and materials—excluding ballots cast—evidencing voter participation in any Federal election (*e.g.,* ballot envelopes, regardless of carrier). *Id.* (emphasis added).  To the extent that Plaintiff states assert that they would be *required* to preserve records and materials for five years, that assertion is in dispute and, in any event, is a legal dispute, not a factual dispute.

68. Disputed.  The relevant portion of E.O. § 5 states: "States and localities *should* preserve, for a 5-year period, all records and materials—excluding ballots cast—evidencing voter participation in any Federal election (*e.g.,* ballot envelopes, regardless of carrier). *Id.* (emphasis added).  To the extent that Plaintiff states assert that they would be

*required* to preserve records and materials for five years, that assertion is in dispute and, in any event, is a legal dispute, not a factual dispute.

69. Disputed.  The relevant portion of E.O. § 5 states: "States and localities *should* preserve, for a 5-year period, all records and materials—excluding ballots cast—evidencing voter participation in any Federal election (*e.g.,* ballot envelopes, regardless of carrier). *Id.* (emphasis added).  To the extent that Plaintiff states assert that they would be *required* to preserve records and materials for five years, that assertion is in dispute and, in any event, is a legal dispute, not a factual dispute.

Dated: May 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC J. HAMILTON
*Deputy Assistant Attorney General*

JOSEPH E. BORSON
*Assistant Branch Director*

/s/ Esam K. Al-Shareffi
STEPHEN M. PEZZI
 Senior Trial Counsel (D.C. Bar. No. 995500)
ESAM K. AL-SHAREFFI
 Trial Attorney (D.C. Bar No. 90010174)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 598-7367
E-mail: esam.al-shareffi@usdoj.gov

*Counsel for Defendants*