## NOTICE

### June 30, 2026

On June 25, 2026, the United States District Court for the District of Massachusetts entered a final judgment that includes an injunction, as part of the civil lawsuit *State of California, et al. v. Donald J. Trump, et al.* (D. Mass.), No. 1:26-cv-11581. The lawsuit challenges the legality and implementation of Executive Order 14399, Ensuring Citizenship Verification and Integrity in Federal Elections (the "EO"), 91 Fed. Reg. 17125 (Mar. 31, 2026). Plaintiffs are: Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Illinois, Pennsylvania, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, Washington, and Wisconsin ("Plaintiff States"). A copy of the Court's Memorandum & Order is enclosed.

The Court's Ruling

The Court has ORDERED and DECLARED that Sections 2 and 3 of Executive Order 14399 are legally void as they are ultra vires and unconstitutionally violate the separation of powers, and the Section 5 of the EO is merely precatory, as to Plaintiff States with respect to the November 3, 2026 or any earlier federal election. Department of Justice and its officers, agents, servants, and employees are required to comply with this Order, under penalty of contempt.

In addition, the Court issued a four-part injunction as to agencies' implementation and giving effect to Sections 2 and 3 of the EO. The injunction only applies with respect to the November 3, 2026 or any earlier federal election in the Plaintiff States.

**First, Defendants United States Department of Justice, Acting Attorney General Todd Blanche,** including their officers, agents, servants, and employees, are enjoined from implementing, giving effect to, or enforcing Section 2 of the EO as to Plaintiff States with respect to the November 3, 2026 or any earlier federal election, including taking any steps to create a new federal program to superintend and control Plaintiff States' maintenance of their voter rolls; or initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, stemming from the unconstitutional provisions in Section 2 of the EO. This injunction does not bar the federal government from providing assistance with verifying the citizenship or eligibility of any voter if the

assistance is provided at the request of any State and within the framework provided by Congress.

**Second, Defendants United States Department of Justice, Acting Attorney General Todd Blanche,** including their officers, agents, servants, and employees, are enjoined from implementing, giving effect to, or enforcing Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States with respect to the November 3, 2026 or any earlier federal election, including refusing to transmit mail-in or absentee ballots from voters registered in Plaintiff States to elections officials in Plaintiff States, regardless of the voters' location; or otherwise initiating or completing rulemaking to promulgate the specific regulations outlined in Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States for the November 3, 2026 election, or any earlier election. This injunction does not bar the federal government from providing non-binding USPS guidance on ballot mail envelopes or from providing assistance with verifying citizenship or eligibility of any voter if the assistance is provided at the request of any Plaintiff State and within the framework provided by Congress.

**Third, Defendants United States Department of Justice and Acting Attorney General Todd Blanche,** including their officers, agents, servants, and employees, are enjoined from initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, with respect to the November 3, 2026 or any earlier federal election, stemming from the unconstitutional provisions in Sections 2 and 3 of the EO.

**Fourth, Defendants United States Department of Justice and Acting Attorney General Todd Blanche,** are ORDERED that they must, in good faith, take such steps as are necessary to prevent explicit or implicit implementation of Sections 2, 3 and 5 of the EO, and to cease and reverse any implementation of those provisions, as to Plaintiff States, with respect to the November 3, 2026 or any earlier federal election.

<u>Communications</u>

Please send any questions about compliance to the Federal Programs Branch personnel listed below.

- Stephen M. Pezzi, Chief Litigation Counsel: Stephen.Pezzi@usdoj.gov

- Esam Al-Shareffi, Trial Attorney: Esam.K.Al-Shareffi@usdoj.gov

- Diane Kelleher, Director (Federal Programs Branch): Diane.Kelleher@usdoj.gov

Litigation on this subject remains ongoing in multiple jurisdictions, and this order may be appealed. Accordingly, it is possible that these instructions will need to be updated, supplemented, revised, or rescinded on a time-sensitive basis. Please be attentive to future communications on this topic to ensure that the United States can fully comply with all of its legal obligations and all applicable court orders.