# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF CALIFORNIA, et al., | |
| *Plaintiffs,* | |
| v. | Case No. 1:26-cv-11581-IT |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| *Defendants*, | |
| and | |
| STATE OF MISSOURI, et al., | |
| *Intervenor-Defendants*. | |

## [PROPOSED] JUDGMENT

The motion for summary judgment filed by Plaintiff States[1] and motions to dismiss filed by Federal Defendants and Intervenor States[2] came on for hearing before this Court on June 2, 2026. After considering the moving and opposing papers and evidence, and the arguments of counsel at the hearing, the Court granted Plaintiff States' motion for summary judgment as to implementation of certain sections of Executive Order No. 14399 ("EO") for federal elections occurring on or before November 3, 2026, but dismissed without prejudice, on prudential ripeness

---

[1] "Plaintiff States" refers collectively to the State of California; Commonwealth of Massachusetts; State of Nevada; State of Washington; State of Arizona; State of Colorado; State of Connecticut; State of Delaware; District of Columbia; State of Illinois; State of Maine; State of Maryland; State of Michigan; State of Minnesota; State of New Jersey; State of New Mexico; State of New York; State of North Carolina; State of Oregon; State of Rhode Island; State of Vermont; Commonwealth of Virginia; State of Wisconsin; and Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania.

[2] "Intervenor States" refers collectively to the State of Alabama, State of Florida, State of Indiana, State of Kansas, State of Louisiana, State of Missouri, State of Montana, State of Nebraska; State of Oklahoma; State of South Carolina; State of South Dakota; and State of Texas.

grounds, Plaintiff States' claims as applied to federal elections occurring after that date.  Doc. Nos. 190–191.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiff States' claims, as stated in their First Amended Complaint, are **DISMISSED** without prejudice with respect to federal elections occurring after November 3, 2026.  Judgment shall enter in favor of Federal Defendants and Intervenor States on Plaintiff States' claims with respect to federal elections occurring after November 3, 2026.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that, with respect to federal elections occurring on or before November 3, 2026:

1. Sections 2 and 3 of the EO are ultra vires and violate the separation of powers.

2. Pursuant to this Court's orders, Federal Defendants are enjoined as follows:

   a. Defendants United States Department of Justice, Acting Attorney General Todd Blanche, United States Department of Homeland Security, Secretary Markwayne Mullin, United States Citizenship and Immigration Services, Director Joseph B. Edlow, United States Social Security Administration, Commissioner Frank Bisignano, United States Department of Commerce, and Secretary Howard Lutnick, including their officers, agents, servants, and employees, are enjoined from implementing, giving effect to, or enforcing Section 2 of the EO as to Plaintiff States, including taking any steps to create a new federal program to superintend and control Plaintiff States' maintenance of their voter rolls; or initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, stemming from the unconstitutional provisions in Section 2 of the EO.  This injunction does not bar the federal government from providing assistance with verifying the citizenship or eligibility of any voter if the assistance is provided at the request of any State and within the framework provided by Congress.

b. Defendants United States Department of Justice, Acting Attorney General Todd Blanche, United States Postal Service, Postmaster General David Steiner, Deputy Postmaster General Doug Tolino, Chair Amber McReynolds, Vice Chair Derek T. Kan, and Board of Governors Members Ronald Stroman and Daniel Tangherlini, including their officers, agents, servants, and employees, are enjoined from implementing, giving effect to, or enforcing Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States, including refusing to transmit mail-in or absentee ballots for voters registered in Plaintiff States, regardless of the voters' location; or otherwise initiating or completing rulemaking to promulgate the specific regulations outlined in Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States. This injunction does not bar the federal government from providing non-binding USPS guidance on ballot mail envelopes or from providing assistance with verifying citizenship or eligibility of any voter if the assistance is provided at the request of any Plaintiff State and within the framework provided by Congress.

c. Defendants United States Department of Justice and Acting Attorney General Todd Blanche, including their officers, agents, servants, and employees, are enjoined from initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States stemming from the unconstitutional provisions in Sections 2 and 3 of the EO.

d. Defendants, other than the President, must, in good faith, take such steps as are necessary to prevent explicit or implicit implementation of Sections 2 and 3 of the EO, and to cease and reverse any implementation of those provisions,

3

as to Plaintiff States.

3. Section 5 of the EO is solely precatory and therefore does not require the States to retain election records or materials for five years.  Accordingly, Plaintiff States' challenge to Section 5 of the EO is **DISMISSED**.

4. Judgment shall enter in favor of Federal Defendants and Intervenor States on cause of action three of Plaintiff States' First Amended Complaint.

5. Judgment shall enter in favor of Plaintiff States and against Federal Defendants and Intervenor States on causes of action one and two of Plaintiff States' First Amended Complaint, with respect to federal elections occurring on or before November 3, 2026.

6. The Court retains jurisdiction to enforce the injunction and judgment and to award such other relief as may be appropriate.


**IT IS SO ORDERED**.


Dated: _____          By:    _____
                                   Hon. Indira Talwani
                                   United States District Judge

4