UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STATE OF CALIFORNIA, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| DONALD J. TRUMP, in his official capacity | * | |
| as President of the United States, et al., | * | Civil Action No. 1:26-cv-11581-IT |
| | * | |
| Defendants, | * | |
| | * | |
| and | * | |
| | * | |
| STATE OF MISSOURI, et al., | * | |
| | * | |
| Intervenor-Defendants. | * | |

FINAL JUDGMENT

July 7, 2026

For the reasons set forth in this court's June 18, 2026 Memorandum & Order [Doc. No.

190] and June 25, 2026 Memorandum & Order [Doc. No. 191], on the motion for summary

judgment filed by Plaintiff States[1] and the motions to dismiss by Defendants[2] and Intervenor-

---

[1] "Plaintiff States" refers collectively to the State of California; Commonwealth of
Massachusetts; State of Nevada; State of Washington; State of Arizona; State of Colorado; State
of Connecticut; State of Delaware; District of Columbia; State of Illinois; State of Maine; State
of Maryland; State of Michigan; State of Minnesota; State of New Jersey; State of New Mexico;
State of New York; State of North Carolina; State of Oregon; State of Rhode Island; State of
Vermont; Commonwealth of Virginia; State of Wisconsin; and Josh Shapiro, in his official
capacity as Governor of the Commonwealth of Pennsylvania.

[2] Defendants are Donald J. Trump, in his official capacity as President of the United States;
United States Department of Justice; Todd Blanche, in his official capacity as Acting U.S.
Attorney General; United States Department of Homeland Security; Markwayne Mullin, in his
official capacity as Secretary for the Department of Homeland Security; United States Social
Security Administration; Frank Bisignano, in his official capacity as Commissioner of the U.S.
Social Security Administration; United States Postal Service; David Steiner, in his official
capacity as Postmaster General and Chief Executive Officer of the Postal Service; Doug Tolino,
in his official capacity as Deputy Postmaster General, Chief Operating Officer and Chief Human

Defendants,[3] the court granted Plaintiff States' motion for summary judgment as to implementation of certain sections of Executive Order No. 14399 ("EO") for federal elections occurring on or before November 3, 2026, and dismissed without prejudice, on prudential ripeness grounds, Plaintiff States' claims as applied to federal elections occurring after that date.

It is therefore **ORDERED, ADJUDGED**, and **DECREED** that Plaintiff States' claims, as stated in their First Amended Complaint [Doc. No. 65], are **DISMISSED** without prejudice with respect to federal elections occurring after November 3, 2026.

It is further **ORDERED, ADJUDGED**, and **DECREED** that, with respect to federal elections occurring on or before November 3, 2026, Judgment on the First and Second Cause of Action of the Amended Complaint, in favor of Plaintiff States and against Defendants and Intervenor-Defendants, is entered as follows:

1. The court declares that Sections 2 and 3 of the EO are ultra vires and violate the separation of powers.

2. Defendants are enjoined as follows:

    A. Defendants United States Department of Justice, Acting Attorney General Todd Blanche; United States Department of Homeland Security, Secretary Markwayne Mullin; United States Citizenship and Immigration Services, Director Joseph B. Edlow; United States Social Security Administration, Commissioner Frank

---

Resources Officer of the Postal Service and Member of the Postal Service Board of Governors; Amber McReynolds, in her official capacity as Chair of the Postal Service Board of Governors; Derek T. Kan, in his official capacity as Vice Chairman of the Postal Service Board of Governors; Ronald Stroman, in his official capacity as a Member of the Postal Service Board of Governors; and Daniel Tangherlini, in his official capacity as a Member of the Postal Service Board of Governors.

[3] Intervenor-Defendants are the State of Alabama, State of Florida, State of Indiana, State of Kansas, State of Louisiana, State of Missouri, State of Montana, State of Nebraska; State of Oklahoma; State of South Carolina; State of South Dakota; and State of Texas.

Bisignano; United States Department of Commerce, and Secretary Howard Lutnick, including their officers, agents, servants, and employees, are enjoined from implementing, giving effect to, or enforcing Section 2 of the EO as to Plaintiff States with respect to the November 3, 2026 or any earlier federal election, including taking any steps to create a new federal program to superintend and control Plaintiff States' maintenance of their voter rolls; or initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, stemming from the unconstitutional provisions in Section 2 of the EO. This injunction does not bar the federal government from providing assistance with verifying the citizenship or eligibility of any voter if the assistance is provided at the request of any State and within the framework provided by Congress.

B.  Defendants United States Department of Justice, Acting Attorney General Todd Blanche, United States Postal Service, Postmaster General David Steiner, Deputy Postmaster General Doug Tolino, Postal Service Board of Governors Chair Amber McReynolds, Postal Service Board of Governors Vice Chair Derek T. Kan, and Postal Service Board of Governors Members Ronald Stroman and Daniel Tangherlini, including their officers, agents, servants, and employees, are enjoined from implementing, giving effect to, or enforcing Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States with respect to the November 3, 2026 or any earlier federal election, including refusing to transmit mail-in or absentee

3

ballots for voters registered in Plaintiff States to election officials in Plaintiff States, regardless of the voters' location; or otherwise initiating or completing rulemaking to promulgate the specific regulations outlined in Section 3(b)(i)–(v) or (d) of the EO as to elections mail for elections administered by Plaintiff States and ballot envelopes used by Plaintiff States for the November 3, 2026 or any earlier election. This injunction does not bar the federal government from providing non-binding USPS guidance on ballot mail envelopes or from providing assistance with verifying citizenship or eligibility of any voter if the assistance is provided at the request of any Plaintiff State and within the framework provided by Congress.

C. Defendants United States Department of Justice and Acting Attorney General Todd Blanche, including their officers, agents, servants, and employees, are enjoined from initiating any investigation or prosecution of Plaintiff States, their officials, local officials, or agents of such state or local officials involved in the administration of federal elections within Plaintiff States, with respect to the November 3, 2026 or any earlier federal election, stemming from violations or purported violations of the unconstitutional provisions in Sections 2 and 3 of the EO.

D. Defendants, other than the President, must, in good faith, take such steps as are necessary to prevent explicit or implicit implementation of Sections 2 and 3 of the EO, and to cease and reverse any implementation of those provisions, as to Plaintiff States, with respect to the November 3, 2026 or any earlier federal election.

4

It is further **ORDERED, ADJUDGED,** and **DECREED** that Section 5 of the EO is solely precatory and therefore does not require Plaintiff States to retain election records or materials for five years. Accordingly, Plaintiff States' challenge to Section 5 of the EO is **DISMISSED WITH PREJUDICE** with respect to federal elections occurring on or before November 3, 2026.

The court retains jurisdiction to enforce the injunction and judgment and to award such other relief as may be appropriate.

IT IS SO ORDERED.

July 7, 2026

/s/ _[signature]_

United States District Judge