UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STATE OF CALIFORNIA, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| DONALD J. TRUMP, in his official capacity | * | |
| as President of the United States, et al., | * | Civil Action No. 1:26-cv-11581-IT |
| | * | |
| Defendants, | * | |
| | * | |
| and | * | |
| | * | |
| STATE OF MISSOURI, et al., | * | |
| | * | |
| Intervenor-Defendants. | * | |

MEMORANDUM & ORDER

July 7, 2026

TALWANI, D.J.

Before the court are motions to stay pending appeal filed by Defendants[1] and Intervenor-Defendants.[2] On June 18, 2026, the court granted in part and denied in part Defendants' motion

---

[1] Defendants are Donald J. Trump, in his official capacity as President of the United States; United States Department of Justice; Todd Blanche, in his official capacity as Acting U.S. Attorney General; United States Department of Homeland Security; Markwayne Mullin, in his official capacity as Secretary for the Department of Homeland Security; United States Social Security Administration; Frank Bisignano, in his official capacity as Commissioner of the U.S. Social Security Administration; United States Postal Service; David Steiner, in his official capacity as Postmaster General and Chief Executive Officer of the Postal Service; Doug Tolino, in his official capacity as Deputy Postmaster General, Chief Operating Officer and Chief Human Resources Officer of the Postal Service and Member of the Postal Service Board of Governors; Amber McReynolds, in her official capacity as Chair of the Postal Service Board of Governors; Derek T. Kan, in his official capacity as Vice Chairman of the Postal Service Board of Governors; Ronald Stroman, in his official capacity as a Member of the Postal Service Board of Governors; and Daniel Tangherlini, in his official capacity as a Member of the Postal Service Board of Governors.

[2] Intervenor-Defendants are Alabama, Florida, Indiana, Kansas, Louisiana, Missouri, Montana, Nebraska, Oklahoma, South Carolina, South Dakota, and Texas.

1

to dismiss, dismissing without prejudice on prudential ripeness grounds the Amended Complaint filed by Plaintiff States,[3] as to claims regarding Executive Order 14399, Ensuring Citizenship Verification and Integrity in Federal Elections (the "EO"), 91 Fed. Reg. 17125 (Mar. 31, 2026), and its implementation with regard to elections occurring after November 3, 2026, denying Defendants' motion to dismiss on prudential ripeness grounds as to the November 3, 2026 and any earlier elections, and reserving on remaining arguments. Mem. & Order [Doc. No. 190]. On June 25, 2026, the court denied the balance of the motion and granted Plaintiffs summary judgment in part, holding that Sections 2 and 3 of the EO are unconstitutional and ultra vires, and enjoining any implementation of those sections by Defendant agencies as to Plaintiff States with respect to elections occurring on or before November 3, 2026. Mem. & Order [Doc. No. 191]. Defendants and Intervenor-Defendants appealed, see California v. Trump, No. 26-01774 (1st Cir. July 2, 2026); California v. Trump, No. 26-01779 (July 6, 2026), and have moved to stay the court's injunction, pending appeal before the United States Court of Appeals for the First Circuit. See Defs.' Mot. to Stay [Doc. No. 193]; Intervenors' Mot. to Stay [Doc. No. 202]. The court thereafter entered Final Judgment [Doc. No. 207] and treats the motions to stay as directed to that Final Judgment as well.

## I.    Standard of Review

A district court may stay an injunction while an appeal is pending. Fed. R. Civ. P. 62(d). "A stay pending appeal is an 'intrusion into the ordinary processes of administration and judicial review' and relief is not granted as 'a matter of right.'" Rhode Island v. Trump, 155 F.4th 35, 41

---

[3] Plaintiff States are Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Rhode Island, Vermont, Virginia, Washington, Wisconsin, and Josh Shapiro in his official capacity as Governor of Pennsylvania.

(1st Cir. 2025) (quoting New York v. Trump, 133 F.4th 51, 65 (1st Cir. 2025)). The movants "bear the burden of demonstrating that they are entitled to the 'extraordinary' relief that they seek." Id. (quoting Somerville Pub. Schs. v. McMahon, 139 F.4th 63, 68 (1st Cir. 2025)).

The Supreme Court has explained that movants must (1) make a strong showing that they are likely to succeed on the merits on appeal; (2) show that they will be irreparably injured absent a stay; (3) show that a stay will not substantially injure the other parties interested in the proceeding; and (4) show that the stay would be in the public interest. Nken v. Holder, 556 U.S. 418, 426 (2009). Likelihood of success and irreparable injury are "the most critical" factors. Id. at 434. "It is not enough that the [movant's] chance of success on the merits be better than negligible." Id. (internal quotations and citation omitted). Similarly, "simply showing some possibility of irreparable injury fails to satisfy the second factor." Id. at 434–35 (internal quotations and citation omitted). Courts assess the harm to other interested parties and weigh the public interest "[o]nce an applicant satisfies the first two factors." Id. at 435.

## II.    Discussion

### A.  Merits

For the reasons discussed in its June 18, 2026 Memorandum and Order [Doc. No. 190] and June 25, 2026 Memorandum and Order [Doc. No. 191], the court finds that as to the November 3, 2026 and earlier elections, Plaintiff States' claims are ripe, Plaintiffs have Article III standing, and Sections 2 and 3 of the EO are unconstitutional and ultra vires. Accordingly, Defendants and Intervenor-Defendants are unlikely to succeed on the merits of their appeal.

Defendants and Intervenor-Defendants assert that the court's June 18, 2026 Memorandum and Order [Doc. No. 190], dismissing Plaintiff States' claims concerning elections after November 3, 2026, supports their argument that Plaintiff States lack Article III standing and that

3

their claims are not ripe for adjudication. Defs.' Mem. ISO Mot. to Stay ("Defs.' Mem.") 7–15 [Doc. No. 195]; Intervenors' Mem. ISO Mot. to Stay ("Intervenors' Mem.") 4–10 [Doc. No. 203].

While "originat[ing] from the same Article III limitation," prudential ripeness is both related to yet distinct from standing. Jensen v. R.I. Cannabis Control Comm'n, 160 F.4th 18, 24 (1st Cir. 2025) (citation omitted); see Mem. & Order 9–10 [Doc. No. 190] and cases cited therein. In dismissing Plaintiffs' claims on ripeness grounds only as to elections after November 3, 2026, the court acknowledged the reality with which neither Defendants nor Intervenor-Defendants are willing to engage: while claims as to distant elections may not yet be ripe, the claims as to the upcoming elections are ripe because States are actively planning to and currently administering such elections. The "possibility of future judicial review" is neither practicable nor feasible where the EO directs that specific agency action be taken in a constricted timeframe, thereby interfering with Plaintiffs' present efforts to administer elections. Defs.' Mem. 10 [Doc. No. 195]. Therefore, Plaintiffs' claims as to elections on and before November 3, 2026, are logically fit for judicial review and denying review on prudential ripeness grounds until some point in the future, e.g., even closer to the midterms for which they are currently preparing, would impose needless hardship to Plaintiffs. See Abbott Labs. v. Gardner, 387 U.S. 136, 148–49 (1967).

### B.  Irreparable Injury

As a threshold matter, the court's injunction is clearly limited to Plaintiff States alone. Final J. [Doc. No. 207]. Accordingly, nothing in the court's order prevents Defendant agencies from endeavoring to implement the EO with respect to non-Plaintiff States.

Defendants argue that the court's injunction causes irreparable harm because Defendant agencies are unable to implement the directives required by the EO on the EO's prescribed timeline. Defs.' Mem. 18–19 [Doc. No. 195]. A USCIS official speculates that "in the event the Court's order is stayed or vacated at some future date, USCIS will be required to expend additional resources and perform work under potentially tight timelines to fully implement the E.O. at that time." Mayhew Supp. Decl. ¶ 10. [Doc. No. 194-1]. But the injunction does not prevent any steps to implement the EO, on the exact timeline prescribed by the President, to prepare for elections that will occur after November 3, 2026.

Agency officials' concern with their ability to timely implement the EO for the November 3, 2026 election does nothing more than highlight the current ripeness of Plaintiffs' claims. Just as Plaintiff States are diligently working to plan for and administer elections, agency officials are working hard to implement the EO's directives pursuant to the EO's short deadlines. See Exec. Order 14399 § 4(c) (USCIS must have already established infrastructure relevant to the Confirmed Citizen Lists). Defendants have and will continue to take action that renders Plaintiffs' claims ripe for future elections. That Defendants may have to work harder later, in the event that this court's order is reversed, does not rise to the level of irreparable injury contemplated by the Supreme Court in Nken. 556 U.S. at 435 (even wrongful removal of a noncitizen is not "categorically irreparable").

A USPS official similarly explains that the court's order prevents USPS from implementing the EO for non-Plaintiff States because USPS would be unable to promulgate regulations as to only certain states prior to the November 3, 2026 elections. Monteith Decl. ¶ 4 [Doc. No. 194-2] (describing feasibility limitations with respect to a "two-tiered system"). This argument is not persuasive. First, USPS has now been enjoined from implementing the

provisions in the Notice of Proposed Rulemaking as directed by the EO in any state. See NAACP v. USPS, No. 1:20-cv-02295-EGS (D.D.C. July 1, 2026), Dkt. No. 181. Second, USPS' acknowledgment that the anticipated final rule will apply to ballot mail received in association with the November 3, 2026 elections only serves to demonstrate that Plaintiffs' claims as to those and earlier elections are ripe for judicial review. Monteith Decl. ¶ 8 [Doc. No. 194-2] ("For states to be ready to [engage with USPS in creating the absentee and mail-in lists], [USPS] need[s] enough time prior the November 2026 to train [their] employees . . . and to coordinate with mailers."). Third, the court finds that Defendants have made no showing that "delay" of the EO's deadlines for USPS' implementation constitutes irreparable injury. Nken, 556 U.S. at 435.

C.  Other and Public Interests

Plaintiff States oppose a stay, arguing it would require Plaintiffs to immediately "develop[] procedures for reviewing and correcting the Confirmed Citizenship List, redesign[] ballot envelopes to comply with the requirements, and rush-order[] the new envelopes," all at significant effort and cost while Plaintiffs are actively administering primaries and special elections, as well as preparing to administer the November 3, 2026 midterms. Pls.' Mem. in Opp'n to Defs.' Mot. to Stay ("Pls.' Opp'n") 7 [Doc. No. 200].

Intervenor-Defendants argue that they will be injured by Defendant agencies' inability to fully implement the EO prior to the November 3, 2026 elections and that the "security of their elections" is "irreparably harmed by the [court's] injunction." Intervenors' Mem. 10–11 [Doc. No. 203]. However, the EO's directives are not aligned with its stated purpose of reducing voter fraud and enhancing election integrity. See Exec. Order 14399 § 1. Instead, the EO directs DHS and USCIS to create incomplete lists of confirmed citizens for each state. Id. § 2. A state could do nothing more with the list than rely upon it as additional proof of citizenship, but not as proof

of noncitizenship. June 2, 2026 H'rg Tr. 24:6–17 [Doc. No. 181]. Indeed, in conceding that the lists are necessarily incomplete, Defendants have acknowledged that a voter's absence from the lists required by the EO does not signify that voter's ineligibility.

Having weighed the interests of Plaintiff and Intervenor-Defendants and the remaining public, the court finds these factors weigh against granting a stay. See New Jersey v. Trump, 131 F.4th 27, 34 (1st Cir. 2025).

### III.    Conclusion

Having failed to meet their burden to show that circumstances justify a stay pending appeal, Defendants' and Intervenor-Defendants' Motions [Doc. Nos. 193, 202] for a stay pending appeal are therefore DENIED. The court permits a 7-day administrative stay to permit time for Defendants and Intervenor-Defendants to renew their stay request before the First Circuit.


IT IS SO ORDERED.

July 7, 2026                                              /s/ Indira Talwani
                                                         United States District Judge